﻿Citation Nr: AXXXXXXXX
Decision Date: 09/30/20 Archive Date: 09/30/20

DOCKET NO. 200409-80786
DATE: September 30, 2020

ORDER

Entitlement to service connection for prostate cancer, to include as due to toxic herbicide exposure, is granted.

FINDING OF FACT

Resolving reasonable doubt in the Veteran’s favor, it is at least as likely as not that his prostate cancer is related to active duty service, to include as due to toxic herbicide exposure.

CONCLUSION OF LAW

The criteria for entitlement to service connection for prostate cancer, to include as due to toxic herbicide exposure, have been met. 38 U.S.C. § 1110, 5107(b); 38 C.F.R. §§ 3.102, 3.303(a), 3.303(b), 3.307, 3.309(a).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the United States Air Force from July 1954 to August 1974. During his time in service, he was promoted to Senior Master Sergeant and received several medals, including the Vietnam Service Medal and Republic of Vietnam Campaign Medal. 

In the April 2020 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Evidence Submission docket. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal, as well as any evidence submitted by the Veteran or his representative with, or within 90 days from receipt of, the VA Form 10182. 38 C.F.R. § 20.303.

Service Connection

Under the relevant laws and regulations, service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131. Generally, the evidence must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1166 -67 (Fed. Cir. 2004); Caluza v. Brown, 7 Vet. App. 498, 505 (1995).

Service connection is warranted for a veteran who has been exposed to a toxic herbicide agent during active military service (subject to the requirements of 38 C.F.R. § 3.307 (a)) for diseases such as chloracne or other acneform diseases consistent with ischemic heart disease, Type 2 diabetes, Hodgkin’s disease, non-Hodgkin’s lymphoma, porphyria cutanea tarda, multiple myeloma, prostate cancer, soft-tissue sarcomas, early-onset peripheral neuropathy, Parkinson’s disease, chloracne and respiratory cancers, and B-cell leukemias. 38 C.F.R. § 3.309 (e). Additionally, an individual who performed service under the Air Force under circumstances in which he or she regularly and repeatedly operated, maintained, or served onboard C-123 aircraft known to have been used to spray herbicide agent during the Vietnam era shall br presumed to have been exposed during service to an herbicide agent. Id. In short, if herbicide exposure is found on either an actual or presumptive basis, then service connection of a listed qualifying disability is all but guaranteed by statute. 

To determine whether a Veteran was exposed to herbicide agents, VA regulations state that a veteran who served in the Republic of Vietnam during the period from January 9, 1962 to May 7, 1975, shall be presumed to have been exposed during such service to certain toxic herbicide agents, with the most common being “Agent Orange,” unless there is affirmative evidence to the contrary. 38 U.S.C. § 1116; 38 C.F.R. § 3.307 (a)(6). Therefore, if a Veteran served in-country in Vietnam, they are entitled to a presumption of herbicide exposure, and need not prove actual exposure to herbicides. 

Entitlement to service connection for prostate cancer, to include as due to toxic herbicide exposure

The Veteran seeks entitlement to service connection for prostate cancer, which he alleges is due to Agent Orange exposure during service. He contends that he was sent on temporary duty assignments to Vietnam while he was stationed in Japan between 1960 and 1964, where he was exposed to Agent Orange. He has also asserted that he served near the perimeter at the Royal Thai Air Force Base in Takhli, Thailand. 

After a review of the evidence, the Board need not discuss the Veteran’s service in Thailand, and the evidence reflects that he was likely physically present in the Republic of Vietnam, and that service connection is warranted on this basis. First, the Veteran has a current July 2019 diagnosis of aggressive prostate cancer, 

Moreover, the Veteran may be presumed to have been exposed to toxic herbicides. Specifically, the Veteran’s military service records support that the Veteran served in Japan from 1960 to 1964, and reports from officials recommending the Veteran for promotion indicate that he performed a wide range of duties as both a jet engine mechanic and in supervisory roles. In this role, he has stated that he routinely traveled to both Vietnam and Korea for temporary duty. There is evidence in the record that one such flight to Korea occurred in February 1964.

While a temporary duty assignment to Korea is not evidence that the Veteran performed service in Vietnam, it demonstrates that the Veteran served in a unit during his time stationed in Japan that would fly to other nations for temporary duty assignments, and that it is at least as likely as not that these missions were not documented in his official military personnel record. 

The Board notes that proof of service in the Republic of Vietnam need not be clear and unmistakable. Rather, the Veterans’ Dioxin and Radiation Exposure Compensation Standards Act, makes clear Congress’s intent that toxic herbicide exposure is sufficient “if the information in the veteran’s service records and other records of the Department of Defense is not inconsistent with the claim that the Veteran was present where and when the claimed exposure occurred.” 98 P.L. 542, 98 Stat. 2725. 

In this Board’s view, this standard has been met. The Board takes notice of the fact that short-duration flights to the Republic of Vietnam for temporary duty from the Philippines, Japan and Korea were common. Moreover, the Veteran’s service makes it likely that he probably did participate in such temporary duty. Namely, the Veteran served honorably for 20 years, and the evidence of record supports his contentions that he served in Vietnam on temporary duty assignments while stationed in Japan. In addition to the evidence of an undocumented temporary duty assignment to Korea, there is no evidence in the record inconsistent with this claim. To the contrary, there are numerous and extensive letters of recommendations from commanding officers highlighting the Veteran’s integrity, dedication to his service, and reliability, among other qualities, further confirming the Veteran’s credibility. 

 

As such, service connection is warranted on this basis. The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303. 

 

B.T. KNOPE

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Kimber Veltri, Associate Counsel